Dennis Ray Rivers was indicted by the Grand Jury for the possession of marihuana. The appellant waived his right to a jury trial and was subsequently tried and convicted by the trial judge who sentenced the appellant to three years' imprisonment
The facts in this cause are not in dispute. Under a search warrant directed to "Any ABC Enforcement Agent" (R. 52), four agents of the State Alcoholic Beverage Control Board executed a search of appellant's trailer home and procured all of the evidence used in this prosecution. No local or county officials participated in the execution of the search warrant.
The evidence procured during the search included numerous separate quantities of *Page 1022 
marihuana and various items of drug paraphernalia. This evidence was admitted over appellant's pre-trial "motion to suppress evidence and controvert [the] search warrant" and appellant's "motion to exclude" made at the close of the state's case
The appellant presented no evidence at trial
One of the grounds listed in support of these motions was "that an ABC enforcement agent has no constitutional nor statutory authority to be issued a search warrant or to execute a search warrant." Thus, the denials of the appellant's motions based on this ground are the alleged errors on which appellant prosecutes this appeal
 I
We have reviewed the applicable statutes and cases whichspecify those persons authorized to execute search warrants and have reached the conclusion that this otherwise valid conviction must be reversed. Our reasoning is set out below
The general statutes regarding the issuance and the execution of search warrants, §§ 15-5-5, -7, Code of Alabama 1975, read as follows:
 "§ 15-5-5. If the judge or the magistrate is satisfied of the existence of the grounds of the application or that there is probable ground to believe their existence, he must issue a search warrant signed by him and directed to the sheriff or to any constable of the county, commanding him forthwith to search the person or place named for the property specified and to bring it before the court issuing the warrant." (Emphasis added). "§ 15-5-7. A search warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of such officer at his request, he being present and acting in its execution." (Emphasis added.)
These statutes dictate that the "sheriff" or a "constable" of the particular "county" in which the warrant is issued will execute the warrant. The obvious import of these regulations is that a local official will be in charge of searches within his county. The only exception to this rule is that the local official can be assisted by others "at his request." Otherwise, the statutes are to be strictly construed for both the issuance and execution of search warrants in general. United States vMartin, 600 F.2d 1175 (5th Cir. 1979); and cases cited therein Since these broad statutes exclude ABC agents as among those authorized to execute search warrants, we must look for somespecific authorization
Section 28-3-43 (a)(6), Code of Alabama 1975, lists as one of the "functions, powers and duties" of the ABC Board to ". . commission such agents, inspectors or investigators as necessary to make arrests and execute search warrants and havethe same authority as designated to peace officers as now authorized by law." (Emphasis added.)
This statute might seem to authorize ABC agents to execute warrants generally, except for the fact that § 28-3-2 (b), Code of Alabama 1975, limits the applicability of § 28-3-43, supra, to "transactions in liquor and alcohol and malt or brewed beverages." The evidence sought by the warrant in this case wasmarihuana rather than alcohol or brewed beverages. Thus, §28-3-43, supra, is inapplicable
The specific statute which is applicable to marihuana is §20-2-90, Code of Alabama 1975, a section of the Alabama Uniform Controlled Substances Act, which states in this Act:
 "It shall be the duty of the state board of pharmacy and its drug inspectors to enforce all provisions of this chapter. The agents and officers of the department of public safety, the drug and narcotic agents and inspectors of the state board of health, and all peace officers of the state and all prosecuting attorneys are also charged with the enforcement of this chapter. The agents and officers of the department of public safety, the drug inspectors of the state board of pharmacy and the drug and narcotic agents and inspectors of the state board of health shall have the powers of peace officers in the performance of their duties to:
 "(1) Make arrests without warrant for any offense under this chapter committed *Page 1023 
in their presence, or if they have probable cause to believe that the person to be arrested has committed or is committing a violation of this chapter which may constitute a felony;
 "(2) Make seizures of property pursuant to this chapter.
 "(3) Carry firearms in the performance of their official duties." (Emphasis added.)
For our purposes, this section states that "all peace officers of the state" in enforcing the drug laws can "make seizures of property" pursuant to the Alabama Uniform Controlled Substances Act. Although ABC agents are arguably "peace officers" (see § 28-3-43 (a)(6), supra), we do not construe the "make seizures of property" language as an authorization to such "peace officers" to execute searchwarrants by themselves. Instead, in accordance with §§ 15-5-5, -7, supra, we find that in order to be legal, a search warrant must be executed by or at the direction of county officialsUnited States v. Martin, supra. At this point, a seizure of property pursuant to the search is authorized by § 20-2-90
Our decision here negates some well intended efforts by the ABC agents. However, their efforts could have been validated had they notified the proper county officials and obtained their assistance. This additional legislative requirement is not an obstacle to the enforcement of our drug laws, but rather a safeguard of the Fourth Amendment rights of individuals
Since the warrant was directed to "any ABC agent" rather than a county official and was executed by ABC agents without theauthority of county officials, the evidence procured under this search should not have been admitted at trial. The appellant's motions to suppress or exclude said evidence should have been granted
Because of the error shown, this cause must be reversed and the judgment below is rendered
REVERSED AND RENDERED
All the Judges concur, except DeCARLO, J., who dissents