BOWEN, Judge.
The defendant was charged by information filed by the District Attorney with receiving stolen property. He was afforded youthful offender treatment and adjudged guilty. Sentence was thirty months’ imprisonment.
I
On June 29, 1980, Calvester Swain’s residence in Anniston was burglarized. On September 30, 1980, the defendant’s residence was searched pursuant to a search warrant and Mr. Swain’s shotgun, which had been taken in the burglary, was found. At trial, this shotgun was admitted over the objections of defense counsel on the grounds that “there has been no proof that any crime has been committed at all.”
Later in the trial, after the State announced that it had rested its case, defense counsel moved to “exclude the gun from evidence, at this time, based on illegal search and seizure.” This statement constituted the defendant’s entire objection to the alleged illegal search and seizure. There was no written motion to exclude.
On appeal, the defendant contends that the search of his residence and seizure of the shotgun were illegal because the search warrant was executed by an officer of the Anniston Police Department and not by a county law enforcement officer.
“(T)he provisions of the Alabama Code which deal specifically with the question limit the issuance and execution of search warrants to county law enforcement officers.” United States v. Martin, 600 F.2d 1175, 1179 (5th Cir. 1979); Rivers v. State, Ala.Cr.App., 406 So.2d 1021 (1981). The general objection made at trial to the “illegal search and seizure” did not specifically raise this issue and nothing in the record indicates that this matter was ever brought to the attention of the trial judge.
Although the search warrant itself shows that it was executed by Sergeant R. D. Stewart and the testimony at trial shows that Sergeant Stewart was a detective for the Anniston Police Department, the record is silent as to who else, if anyone, was present when Sergeant Stewart searched the defendant’s apartment. Specifically, there is nothing in the record to indicate whether the search warrant was executed by Sergeant Stewart in aid of a county officer and at that officer’s request as authorized by Alabama Code 1975, Section 15-5-7. We do not think that the burden was on the State to prove the proper execution of the search warrant in light of the general objection and in view of the fact that the particular alleged defect in the warrant’s execution was never brought to the attention of the trial judge.
The general rule is that a general objection which does not specify any *590 grounds presents nothing for review. Steele v. State, 389 So.2d 591 (Ala.Cr.App. 1980).
The exception is that a general objection is sufficient to predicate error on appeal if the evidentiary matter to which it is addressed is patently inadmissible. Satterwhite v. State, 364 So.2d 359 (Ala.1978). The exception does not apply here because the search and seizure was not patently inadmissible and could have been made legal and admissible by the introduction of evidence showing that Sergeant Stewart acted at the request of and in aid of a county officer. Alabama Code 1975, Section 15-5-7. From the record — because the issue was never raised — we simply have no way of knowing whether this additional element could be proved.
We do not deem it an excessive or burdensome requirement that timely and specific objection be required to preserve error on appeal except in cases of the most clear, obvious and flagrant error. Fundamental fairness dictates that the trial court must be apprised of the basis of the objection with sufficient particularity to allow an informed decision to be made on the legal issue involved. Ward v. State, 376 So.2d 1112 (Ala.Cr.App.), cert. denied, Ex parte Ward, 376 So.2d 1117 (Ala.1979).
II
A review of the evidence shows that it is sufficient to support and sustain the circuit court’s adjudication of guilt.
A witness testified that she saw the defendant with the stolen shotgun in his front yard. Subsequently the shotgun was found at the defendant’s residence. Under these facts, the trial court was justified in finding the defendant guilty. Since the case was tried without a jury, the judge was the finder of fact. It was his function and duty to determine the credibility of the witnesses.
III
The trial judge sentenced the defendant to “the custody of the Director of the State Board of Corrections.” The Board of Corrections was abolished by legislative act on October 1, 1979. Alabama Code 1975, Sections 14-1-1 et seq. (Amended 1979). “(A)ll duties, responsibilities, powers ...” of the Board are now vested in the governor of this state. Section 14-1-16. Consequently, the judgment of conviction is affirmed and this cause is remanded to the Circuit Court for proper sentencing.
AFFIRMED; REMANDED FOR PROPER SENTENCING.
All Judges concur.