BARRON, Judge.
Raben James Hicks was charged by a Jefferson County Grand Jury with the offense of trafficking in cannabis. He entered a plea of not guilty and waived a jury trial. During all of the proceedings, including this appeal, appellant was represented by retained counsel.
The matter was tried by the trial court under an agreed stipulation of facts. Appellant was found guilty of the offense and was sentenced to three years. Hence this appeal.
The only issue presented on appeal relates to the validity of the search warrant involved.
The search warrant in question, which was issued by Judge Peter A. Hall, Judge of the Municipal Court of the City of Birmingham, was directed to “the Chief of Police or any police officer of the City of Birmingham, Alabama,” commanded a daytime search for marijuana of 6305 Crest Club Circle, Birmingham, Alabama, and was returnable to the judge of the Jefferson County District Court. The search was carried out solely by Birmingham police officers, who were not accompanied by any sheriff or deputy sheriff, and who did not conduct the search at the request of, or in aid of, any sheriff or deputy sheriff. None of the police officers were constables for the county.
Appellant filed a motion to suppress the evidence obtained as a result of the search on the basis that the search warrant was defective. The trial court denied the motion to suppress.
Appellant contends that the search warrant is defective because it does not comply with §§ 15-5-5 and 15-5-7, Code of Alabama 1975, in that (1) the search warrant is directed to municipal police officers, and (2) the warrant was executed without the authority of any sheriff, deputy sheriff, or constable.
*1345 The applicable Code sections provide:
Section 15-5-5:
“If the judge or the magistrate is satisfied of the existence of the grounds of the application or that there is probable ground to believe their existence, he must issue a search warrant signed by him and directed to the sheriff or to any constable of the county, commanding him forthwith to search the person or place named for the property specified and to bring it before the court issuing the warrant.”
Section 15-5-7:
“A search warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of such officer at his request, he being present and acting in its execution.”
Appellant relies on Rivers v. State, 406 So.2d 1021 (Ala.Cr.App.1981), in furtherance of the contention that these statutes dictate that a sheriff or a constable must execute the warrant.
Without doubt, §§ 15-5-5 and 15-5-7, Code of Alabama 1975, do not include municipal police officers as among those authorized to execute search warrants. However, we do not believe that these statutes are intended to be all-inclusive in their application so as to prohibit the execution of search warrants by others where there is statutory authorization.
Act No. 1205 of the 1975 Acts, codified in' Title 12, Code of Alabama 1975, the purpose of which was to implement the Judicial Article Amendment to the Alabama Constitution, in dealing with municipal courts, provides in part as follows:
Section 12-14-4:
“The sheriffs of the counties and law enforcement officers of the municipalities of the state of Alabama shall obey the municipal judge having legal authority in faithfully executing the warrants and processes committed to them for service according to their mandates.”
Section 12-14-32:
“Municipal judges are authorized to issue arrest and search warrants for municipal ordinance violations returnable to the municipal court and for violations of state law returnable to any state court.”
We construe these Code sections as authorizing municipal judges to direct the execution of search warrants to municipal law enforcement officers, as was done in the case before us. As a consequence, we find that the search warrant was not defective, and that the motion to exclude the evidence was properly denied by the trial court.
Our holding in this case is not in conflict with the holding in Rivers, supra. In Rivers, it was held that a search warrant was defective because it was directed to “any ABC agent” rather than to a county official, pointing out that the obvious impact of §§ 15-5-5 and 15-5-7, Alabama Code 1975, is that a local official will be in charge of searches within his county. Certainly, municipal police officers would be local officials. Also, Rivers recognized that, other statutory authority could supplement the provisions of Code §§ 15-5-5 and 15-5-7 in holding: “[Sjince these broad statutes exclude ABC agents as among those authorized to execute search warrants, we must look for some specific authorization.” (Emphasis in original.) The statutory authority for the search in the case before us is found in Code §§ 12-14-4 and 12-14-32.
For the reasons stated, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
*1346 HARRIS, P.J., and BOWEN and DeCAR-LO, JJ., concur.
TYSON, J., dissents.