437 So.2d 1346 (1983)
Ex Parte Raben James HICKS.
(Re Raben James Hicks
v.
State.)
82-440.
Supreme Court of Alabama.
September 16, 1983.
Arthur Parker, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., Joseph G.L. Marston, III, Asst. Atty. Gen., for respondent.
BEATTY, Justice.
Certiorari was granted to determine if the Court of Criminal Appeals, 437 So.2d 1344, was correct in finding valid the search warrant in this case. We affirm.
The facts set out by the opinion of the Court of Criminal Appeals are as follows:
"The search warrant in question, which was issued by Judge Peter A. Hall, Judge of the Municipal Court of the City of Birmingham, was directed to `the Chief of Police or any police officer of the City of Birmingham, Alabama,' commanded a daytime search for marijuana of 6305 Crest Club Circle, Birmingham, Alabama, and was returnable to the judge of the *1347 Jefferson County District Court. The search was carried out solely by Birmingham police officers, who were not accompanied by any sheriff or deputy sheriff, and who did not conduct the search at the request of, or in aid of, any sheriff or deputy sheriff. None of the police officers were constables for the county.
"Appellant filed a motion to suppress the evidence obtained as a result of the search on the basis that the search warrant was defective. The trial court denied the motion to suppress."
Petitioner would have this Court find reversible error, arguing that the search warrant in this case is defective because it does not comply with Code 1975, §§ 15-5-5 and 15-5-7. In our view the Court of Criminal Appeals was correct in finding that statutory power authorizing municipal judges to direct the execution of search warrants to municipal law enforcement officers for the search in this case is found in Code 1975, §§ 12-14-4 and 12-14-32. These sections provide in pertinent part as follows:
"Section 12-14-4.
"The sheriffs of the counties and law enforcement officers of the municipalities of the state of Alabama shall obey the municipal judge having legal authority in faithfully executing the warrants and processes committed to them for service according to their mandates."
"Section 12-14-32.
"Municipal judges are authorized to issue arrest and search warrants for municipal ordinance violations returnable to the municipal court and for violations of state law returnable to any state court."
It is true that from 1852 until 1975, those statutes now codified at Title 15, Chapter 5, Code 1975, were the only statutes relating to search warrants in general. In 1975, however, the legislature approved Act No. 1205 (the Judicial Article Implementation Act), codified in Title 12, Code 1975. This Act did not repeal Title 15, Chapter 5 (see Rivers v. State, 406 So.2d 1023 (Ala.1981)) but, instead, provided new provisions for search warrants complementing Title 15, Chapter 5. Thus, where the subject matter of Title 15 is search warrants issued by state courts, the subject matter of Title 12 is search warrants issued by municipal courts.
As to petitioner's contention that §§ 12-14-4 and 12-14-32, are repugnant to Amendment 328, Section 6.065, Alabama Constitution 1901, to the extent that they authorize courts to issue search warrants directed to city officers for violations of state law, we look to Womack v. State, 281 Ala. 499, 205 So.2d 579 (1967). In Womack this Court held that the Etowah County Court did not need jurisdiction over the felony to issue a search warrant to search Etowah County premises for evidence of a felony. All the county court needed was jurisdiction over the place. We conclude that because city courts have territorial jurisdiction over the city and police jurisdictions, §§ 12-14-4 and 12-14-32 simply authorize the exercise of that jurisdiction in the case of search warrants.
Finally, petitioner contends that the Court of Criminal Appeals is in conflict with the opinion of Rivers v. State, supra. We find no conflict and affirm the opinion below with respect to this issue.
For the reasons stated, the judgment of the Court of Criminal Appeals is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, FAULKNER, JONES, SHORES, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., dissents.
TORBERT, Chief Justice (dissenting).
I respectfully dissent. The majority holds that §§ 12-14-4 and 12-14-32, Code *1348 1975, authorize municipal judges to issue to and to direct municipal law enforcement officers to serve and execute a search warrant for a violation of state law without the need of a sheriff, deputy sheriff, or any constable of the county to execute said warrant. These statutes, however, do not specifically authorize municipal law enforcement officers to serve and execute search warrants for state law violations.
General statutes authorizing the issuance and execution of search warrants are strictly construed. United States v. Martin, 600 F.2d 1175, 1179 (5th Cir.1979); Rivers v. State, 406 So.2d 1021, 1022 (Ala.Cr.App.) cert. denied, 406 So.2d 1023 (Ala.1981). Both the issuance and the execution of search warrants must strictly comply with the formalities prescribed by the empowering statutes, including the specifics of authorization to execute such warrants. United States v. Martin, 600 F.2d at 1179. When the empowering statutes exclude certain agents or officers from those authorized to execute search warrants, a court must look for some specific authorization. Rivers v. State, 406 So.2d at 1022. A municipal law enforcement officer will not be allowed to serve and execute search warrants in the absence of some specific authorization.
Code 1975, § 15-5-1, provides:
"A search warrant is an order in writing in the name of the state signed by a judge or by a magistrate authorized by law to issue search warrants and directed to the sheriff or to any constable of the county, commanding him to search for personal property and bring it before the court issuing the warrant."
A judge or a magistrate must issue a search warrant signed by him and directed to the sheriff or to any constable of the county for execution if he is satisfied of either the existence of the grounds of the application or a probable ground to believe their existence. Code 1975, § 15-5-5. "A search warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of such officer at his request, he being present and acting in its execution." Code 1975, § 15-5-7. The general statutes concerning the issuance and execution of search warrants limit execution to the county law enforcement officers of the particular county in which the warrant is issued. These statutes, however, are supplemented by certain provisions of the Judicial Article Implementation Act, which is codified in Title 12 of the Alabama Code, 1975.
One of the express purposes of the Judicial Article Implementation Act is the establishment of municipal courts with uniform jurisdiction, procedures, and costs. Judicial Article Implementation Act, No. 1205, 1975 Ala. Acts 2384. "The provisions of this Act are cumulative and shall not be construed to repeal or supersede any laws not inconsistent herewith." § 18-102. Under this Act, "Municipal judges are authorized to issue arrest and search warrants for municipal ordinance violations returnable to municipal courts and for violations of state law returnable to any state court." Code 1975, § 12-14-32. The sheriffs of the counties and law enforcement officers of the municipalities of the state are directed in Code 1975, § 12-14-4, to obey the municipal judge having legal authority in faithfully executing the warrants and processes committed to them for service. These supplemental statutes, however, cannot be construed together as creating the specific authorization by the Legislature necessary to permit municipal law enforcement officers to execute search warrants issued by municipal judges for state law violations.
Alabama Constitution Amendment 328, § 6.065, provides that "... municipal courts shall have uniform original jurisdiction limited to cases arising under municipal ordinances as prescribed by law." The Legislature in Code 1975, § 12-14-1(a), directed that municipal courts are established subject to the authority, conditions and limitations *1349 provided by law. Such courts were granted jurisdiction over all prosecutions for the breach of the ordinances of the municipalities within their police jurisdiction and concurrent jurisdiction with the district courts of all acts constituting violations of state law committed within the police jurisdiction of the municipalities which may be prosecuted as breaches of municipal ordinances. Code 1975, § 12-14-1(b), (c). A municipal judge is given the power coextensive with the jurisdiction of the district court to issue writs and other process. Code 1975, § 12-14-31. It is apparent from the language of Amendment 328 and the implementing legislation that the drafters intended a municipal court to have legal authority coextensive with district courts. District courts cannot direct a municipal law enforcement officer to execute a search warrant for a general state law violation, and the statutes authorizing a municipal court to issue and direct the execution of search warrants should not be broadly construed to grant a municipal judge such authority.
The Legislature has provided specific authorization for the execution of search warrants by any lawful officer of the state in the case of searches for prohibited liquors, Code 1975, § 28-4-256, and for gambling equipment, Code 1975, § 13A-12-54. Code 1975, §§ 12-14-4 and 12-14-32, if strictly construed, cannot constitute specific authorization for a municipal law enforcement officer to serve and execute search warrants for general state law violations. Thus, the search of petitioner's residence was illegal, because the search warrant was not properly executed in accordance with Code 1975, §§ 15-5-1, 15-5-5, 15-5-7. The Court of Criminal Appeals erred in sustaining the trial court's failure to suppress the fruits of the illegal search and seizure.