Certiorari was granted to determine if the Court of Criminal Appeals, 437 So.2d 1344, was correct in finding valid the search warrant in this case. We affirm.
The facts set out by the opinion of the Court of Criminal Appeals are as follows:
 "The search warrant in question, which was issued by Judge Peter A. Hall, Judge of the Municipal Court of the City of Birmingham, was directed to `the Chief of Police or any police officer of the City of Birmingham, Alabama,' commanded a daytime search for marijuana of 6305 Crest Club Circle, Birmingham, Alabama, and was returnable to the judge of the *Page 1347 
Jefferson County District Court. The search was carried out solely by Birmingham police officers, who were not accompanied by any sheriff or deputy sheriff, and who did not conduct the search at the request of, or in aid of, any sheriff or deputy sheriff. None of the police officers were constables for the county.
 "Appellant filed a motion to suppress the evidence obtained as a result of the search on the basis that the search warrant was defective. The trial court denied the motion to suppress."
Petitioner would have this Court find reversible error, arguing that the search warrant in this case is defective because it does not comply with Code 1975, §§ 15-5-5 and15-5-7. In our view the Court of Criminal Appeals was correct in finding that statutory power authorizing municipal judges to direct the execution of search warrants to municipal law enforcement officers for the search in this case is found in Code 1975, §§ 12-14-4 and 12-14-32. These sections provide in pertinent part as follows:
"Section 12-14-4.
 "The sheriffs of the counties and law enforcement officers of the municipalities of the state of Alabama shall obey the municipal judge having legal authority in faithfully executing the warrants and processes committed to them for service according to their mandates."
"Section 12-14-32.
 "Municipal judges are authorized to issue arrest and search warrants for municipal ordinance violations returnable to the municipal court and for violations of state law returnable to any state court."
It is true that from 1852 until 1975, those statutes now codified at Title 15, Chapter 5, Code 1975, were the only statutes relating to search warrants in general. In 1975, however, the legislature approved Act No. 1205 (the Judicial Article Implementation Act), codified in Title 12, Code 1975. This Act did not repeal Title 15, Chapter 5 (see Rivers v.State, 406 So.2d 1023 (Ala. 1981)) but, instead, provided new provisions for search warrants complementing Title 15, Chapter 5. Thus, where the subject matter of Title 15 is search warrants issued by state courts, the subject matter of Title 12 is search warrants issued by municipal courts.
As to petitioner's contention that §§ 12-14-4 and 12-14-32, are repugnant to Amendment 328, Section 6.065, Alabama Constitution 1901, to the extent that they authorize courts to issue search warrants directed to city officers for violations of state law, we look to Womack v. State, 281 Ala. 499,205 So.2d 579 (1967). In Womack this Court held that the Etowah County Court did not need jurisdiction over the felony to issue a search warrant to search Etowah County premises for evidence of a felony. All the county court needed was jurisdiction over the place. We conclude that because city courts have territorial jurisdiction over the city and police jurisdictions, §§ 12-14-4 and 12-14-32 simply authorize the exercise of that jurisdiction in the case of search warrants.
Finally, petitioner contends that the Court of Criminal Appeals is in conflict with the opinion of Rivers v. State,supra. We find no conflict and affirm the opinion below with respect to this issue.
For the reasons stated, the judgment of the Court of Criminal Appeals is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, FAULKNER, JONES, SHORES, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., dissents.