Pursuant to a search warrant issued by the City of Evergreen Municipal Court, Evergreen police officers executed a search of the appellant's residence on July 2, 1984. As a result of this search, the police discovered several small bags of marijuana. The appellant was arrested and subsequently convicted of possession of marijuana in violation of § 20-2-70, Code of Alabama 1975. He raises two issues on appeal.
 I
The appellant first contends that the search warrant issued by the municipal court was not properly executed. The warrant directed "the Sheriff of Conecuh County or other lawful officer" to search the appellant's house. Appellant Williams maintains that municipal officers are not "lawful officers" for purposes of executing a search warrant. Since the search of his house was conducted solely by Evergreen policemen without the aid or presence of county law enforcement officers, the appellant argues that the search was illegal and, consequently, that the evidence obtained from the search should have been suppressed.
It is undisputed that a search warrant may be executed only by the officers to whom it is directed. Rivers v. State,406 So.2d 1021 (Ala.Cr.App. 1981), cert. denied, 406 So.2d 1023
(Ala. 1981); Ala. Code (1975), § 15-5-7. Formerly, a search warrant could be executed only by the sheriff or constable of the county in which the warrant was issued or by other persons acting under the supervision of the county officer. Mixon v.State, 407 So.2d 588 (Ala.Cr.App. 1981); §§ 15-5-7 and 15-5-1, Code of Alabama 1975. Under present law, however, a search warrant may also be executed by municipal law enforcement officials. In Hicks v. State, 437 So.2d 1344 (Ala.Cr.App.), aff'd, 437 So.2d 1346 (Ala. 1983), this court construed §§12-14-4 and 12-14-32, Code of Alabama 1975, as authorizing municipal judges to direct the execution of search warrants to municipal law enforcement officials. See also, Palmer v. State,426 So.2d 950 (Ala.Cr.App. 1983). Since the search was conducted within the police jurisdiction of Evergreen, we find that the court's reference to some "other lawful officer" included City of Evergreen police officers.
 II
As an additional point of error, the appellant contends that the state failed to establish a proper chain of custody with respect to the packages of marijuana discovered during the search of his house. Specifically, he argues that the integrity of the evidence was not adequately preserved while it was in the possession of Officers Taylor and Stuckey.
The purpose for requiring that the chain of custody be shown is to establish to a reasonable probability that there has been no tampering with the evidence. Williams v. State,375 So.2d 1257 (Ala.Cr.App.), cert. denied, 375 So.2d 1271 (Ala. 1979);Tate v. State, 435 So.2d 190 (Ala.Cr.App. 1983); Smith v.State, 446 So.2d 68 (Ala.Cr.App. 1984). "The evidence need not negate the most remote possibility of substitution, alteration, or tampering with the evidence, but rather must prove to areasonable probability that the item is the same as, and not substantially different from, the object as it existed at the beginning of the chain." Slaughter v. State, 411 So.2d 819, 822
(Ala.Cr.App. 1981) (emphasis supplied).
Robert Taylor, a sergeant with the City of Evergreen Police Department, testified that during the search of the appellant's residence he discovered in the appellant's nightstand four plastic bags containing *Page 1254 
some type of plant material. He also found in the appellant's pockets two rolled cigarettes and two manila envelopes containing a similar plant substance. Officer Stuckey testified that after receiving these items from Sergeant Taylor, he placed them in a large plastic evidence bag. Officer Stuckey further testified that the evidence bag was thereafter either in his personal possession or locked in a cedar chest at his home until he delivered it to the Department of Forensic Sciences. Based upon the testimony of Officers Taylor and Stuckey, we find that the evidence was properly admitted. The judgment of the trial court is therefore affirmed.
AFFIRMED.
All the Judges concur.