We granted certiorari to consider petitioner's claim that the Court of Criminal Appeals, 505 So.2d 1252 (Ala.Cr.App. 1986), should have reversed his conviction of possession of marijuana because certain items were received into evidence without a proper chain of custody having been shown by the State. We affirm.
The opinion of the Court of Criminal Appeals sets out the facts as follows:
 "Pursuant to a search warrant issued by the City of Evergreen Municipal Court, Evergreen police officers executed a search of the appellant's residence on July 2, 1984. As a result of this search, the police discovered several small bags of marijuana. The appellant was arrested and subsequently convicted of possession of marijuana in violation of § 20-2-70, Code of Alabama 1975."
505 So.2d at 1253.
Petitioner contends that the State failed to establish sufficient identification and continuity of possession of the packages of marijuana discovered by the officers during the search of his house. He argues that the officers who took the packages of marijuana from his house were unable to positively identify the packages at trial, but could state only that the exhibits "appeared" to be, or were "similar" to, the items found during the search. Thus, petitioner claims there is a break in the chain of custody, which would render the evidence inadmissible. We do not agree with petitioner's claim.
The opinion of the Court of Criminal Appeals correctly states the law regarding the establishment of a chain of custody: *Page 1255 
 "The purpose for requiring that the chain of custody be shown is to establish to a reasonable probability that there has been no tampering with the evidence. Williams v. State, 375 So.2d 1257
(Ala.Cr.App.), cert. denied, 375 So.2d 1271 (Ala. 1979); Tate v. State, 435 So.2d 190 (Ala.Cr.App. 1983); Smith v. State, 446 So.2d 68 (Ala.Cr.App. 1984). 'The evidence need not negate the most remote possibility of substitution, alteration, or tampering with the evidence, but rather must prove to a reasonable probability that the item is the same as, and not substantially different from, the object as it existed at the beginning of the chain.' Slaughter v. State, 411 So.2d 819, 822
(Ala.Cr.App. 1981) (emphasis supplied)."
505 So.2d at 1253.
Based upon our careful review of the record, we agree that the evidence was properly admitted. The record reveals that the officers did not place identifying marks on the individual containers of plant material that they found during the search of petitioner's house and the search of his person. Although the failure of the officers to mark the evidence may not have constituted the best procedure, it does not prohibit the admission of the evidence in this case. The record supports the finding of a reasonable probability that the evidence seized by the officers was kept intact and was not tampered with from the time it was found until it was produced at trial.
Sergeant Taylor, the officer who conducted the actual search, testified that he gave the bags of plant material that he found to Officer Stuckey. Officer Stuckey testified that he placed the items that were given to him by Sergeant Taylor in a plastic evidence bag. Stuckey described in detail the items that he placed into the evidence bag. Also, he positively identified the plastic bag into which he placed the evidence obtained as a result of the search. Stuckey further testified that he kept the plastic bag containing the evidence either in his possession or in a locked cedar chest, to which he had the only key, at his residence. Stuckey stated that he kept the evidence in this manner until he delivered it to Deborah Sennett at the State Department of Forensic Sciences in Mobile. Petitioner does not contest that the chain of custody was unbroken from the time the evidence was delivered to Ms. Sennett until it was produced in court.
The testimony of the officers supports the admission of the evidence in this case. There is no break in the chain of custody, because the testimony contained in the record accounts for each successive step in the handling of the evidence from the time it was seized until the time of trial. Mauldin v.State, 402 So.2d 1106 (Ala.Crim.App. 1981). The inability of the officers to identify the evidence with more certainty in this case is, at worst, a weak link in the chain of custody. As such, it "presents a question of the credit and weight to be accorded rather than of the admissibility of the item."Williams v. State, 375 So.2d 1257, 1267 (Ala.Crim.App.),cert. denied, Ex parte Williams, 375 So.2d 1271 (Ala. 1979).
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.