PER CURIAM.
We granted the petitioner’s request for review of the Court of Criminal Appeals’ “no opinion” affirmance of his criminal conviction and sentence. Petitioner argues that the State’s evidence was the product of an illegal search on two grounds: 1) that the affidavit was insufficient to establish probable cause for the issuance of the search warrant; and 2) that the search warrant was illegally executed by an officer other than the one to whom it was specifically directed.
Because the petitioner’s Rule 39(k), A.R. App.P., statement of the facts is verified by the record of trial, we remand this cause to the Court of Criminal Appeals for its re-evaluation of the probable cause issue under the totality-of-the-circumstances standard of Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
Further, if the petitioner does not prevail on the probable cause issue, then, because the facts invoke the application of Code 1975, § 15-5-7, and not §§ 12-14-4 and 12-14-32, the Court of Criminal Appeals is directed to re-evaluate the execution-of-the search warrant issue in light of Rivers v. State, 406 So.2d 1021 (Ala.Cr.App.), cert. denied, 406 So.2d 1023 (Ala.1981).
REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, and HOUSTON, JJ., concur.
0n remand, AIa.Cr.App., 520 So.2d 1383.