TYSON, Judge.
On January 7, 1987 this cause was submitted on briefs of attorneys for appellant. On March 10, 1987 this cause was affirmed by the Court of Criminal Appeals without opinion and on April 14, 1987 the appellant’s application for rehearing and petition requesting a written statement were denied, all without opinion. The Court of Criminal Appeals was unanimous.
On April 28, 1987 a petition for certiorari was filed in the Supreme Court of Alabama by appellant’s counsel. On September 27, 1987 the Supreme Court of Alabama directed this court to issue an opinion and answer two inquiries with reference to its determination in this cause. (Cumbie v. State, 520 So.2d 1383) (Ala.1987).
Robert William Cumbie was charged in a two count indictment with unlawfully possessing cocaine on May 6, 1985 contrary to the provisions of § 20-2-70 Code of Alabama 1975 as amended. In the second count, he was charged with unlawfully possessing marijuana on May 6, 1985 contrary to the provisions of § 20-2-70 Code of Alabama 1975 as amended. Appellant was arraigned and entered a not guilty plea. Thereafter, appellant’s counsel filed a motion to suppress averring that the search warrant was issued without probable cause and, therefore, was unlawful. Secondly, he asserts that the search warrant was improperly executed in that the same was executed by persons other than those to whom the warrant was directed.
Because the order of remand from the Supreme Court of Alabama calls into question this court’s prior actions, the memo of this court circulated on February 19, 1987 to each member of the court, in which the court unanimously concurred at conference of March 4,1987 and released without opinion on March 10, 1987 is hereinafter quoted:
“Robert W. Cumbie was charged in a two-count indictment with the unlawful possession of marijuana and in the second count with the unlawful possession of cocaine, both contrary to the provisions of § 2-2-70 Code of Alabama 1975. “The amounts involved were .8 grams of cocaine and approximately 13/4 pounds of marijuana.
“Thereafter, because of a motion to suppress which challenged the sufficiency of the affidavit and search warrant, the cause was tried before the judge without a jury. After the close of the suppression hearing, the evidence was then stipulated to the court and the court found the appellant guilty as charged. The cause was then deferred for a sentencing hearing.
“After the pre-sentence report was presented and the appellant testified, the court found the appellant guilty of the possession of cocaine and guilty of the possession of marijuana felony and sentenced the appellant to five years’ imprisonment in the penitentiary. The appellant then gave notice of appeal.
“The sole issue on this appeal is the validity of the search warrant. The appellant cites Aguilar v. Texas, 378 U.S. 108 [84 S.Ct. 1509, 12 L.Ed.2d 723] and Spinelli v. United States, 393 U.S. 410 [89 S.Ct. 584, 21 L.Ed.2d 637] and asserts that the “two prong” test of these two opinions with reference to the basis of knowledge and the veracity of the affida *1385 vit’s informant were not here properly established.
“There was not enough evidence offered, either, under the appellant’s argument to satisfy Illinois v. Gates as to the totality of the circumstances under that opinion, 462 U.S. 213 [103 S.Ct. 2317, 76 L.Ed.2d 527],
“The search warrant in the instant cause was issued to Officer Samuel M. Cochran, of the Mobile City Police and Narcotics Squad, based upon the information from some known informants as well as a couple of anonymous tips. The two confidential informants told the officer that they had seen drugs at the residence of this appellant within the 48 hour period just prior to the issuance of the warrant and the service of the warrant on the appellant. The appellant’s brother was at his residence at the time the warrant was executed on May 6, 1985 at approximately 5:30 in the afternoon. “The officer at the hearing before Judge Kittrell testified that he had used the confidential informant on several occasions, that two persons had been arrested and convicted for violation of controlled substances act as a result of information of this allegedly anonymous source who furnished him the information here. He stated, morever, that he had received ‘at least five anonymous calls’ over the past two months involving this same appellant. The information was that this appellant was trafficking in controlled substances. Moreover, he stated that he had also executed search warrants at the residence of this appellant’s brother approximately two blocks away about two months before and had seized 2½ ounces of cocaine. He stated he was accompanied by Officers Eddie Carr, Terry Hicks of the ABI and, also, Drug Enforcement Agent Charlie Parks. He said there may have been some other uniformed sheriff’s deputies with them. “Seized as a result of this were a set of triple beam scales, a paper bag containing several plastic bags of green plant material, a vial of pills which proved to be lawful item and $3,971 in U.S. Currency. He said that the ownership and occupancy of the residence was verified by gas and power bills. He stated they found buried a metal tool box which contained several plastic bags. These were large, zip lock bags and had residue of marijuana in them. A film container also had some green plant material in it. This was the inventory made at the time of the search. (Also some vials of uncontrolled tablets).
“Within the affidavit itself there is a statement, ‘Within the past 8 hours information was received from a source requesting anonymity to the Mobile Police Department.’ This source had indicated that the appellant’s brother and a friend, Donnie Chastang, had just returned within the last 24 hours from Miami, Florida, with a large quantity of cocaine.
“Judge Kittrell found that there was sufficient information given to Judge John-stone before the search warrant was issued. I agree with this.
“Reviewing all the material which had been placed before Judge Johnstone, I am satisfied that sufficient basis for probable cause existed for issuing the warrant. The warrant is, therefore, valid and, hence, the search and seizure thereunder are valid.
“As to the second issue raised, that is, that a Mobile municipal officer assumed the initiative in the execution of the search warrant, this argument has been rejected in recent cases as there were, in fact, uniformed sheriff’s deputies who were along in this case. Moreover, there were agents from the ABI with the municipal officer who actually executed the warrant. In light of this, it is clear that the search warrant was properly executed.
“In view of the above, I recommend that this cause be affirmed without opinion. “AFFIRMED, NO OPINION.”
I
As may be seen from the foregoing discussion, Officer Samuel M. Cochran of the Mobile Police Department clearly placed sufficient information before Judge John-stone who signed the search warrant to *1386 authorize the issuance of same. We reaffirm our determination that sufficient information was placed before Judge John-stone to authorize the issuance of the search warrant in question. The appropriate legal authorities are set forth herein-above.
II
With reference to the execution of the warrant which was directed “To the Sheriff of Mobile County, Alabama” as herein set forth, the warrant was validly executed by the uniformed officers who conducted the search. The applicable legal authorities to support this are fully set forth in the opinions of this court in Gratton v. State, 456 So.2d 865 (Ala.Cr.App.1984), cert. denied, 456 So.2d 865 (Ala.1984); Hicks v. State, 437 So.2d 1344 (Ala.Cr.App.1983), affirmed 437 So.2d 1346 (Ala.1983) and Williams v. State, 505 So.2d 1252 (Ala.Cr.App.1986), affirmed 505 So.2d 1254 (Ala.1987).
Because of the considerable volume of cases flowing through the Alabama appellate courts, we do not issue opinions in many cases, such as the case at bar, when, from the facts, the legal issues have been properly determined in the courts below and no new or novel legal arguments are presented. Such is the situation with reference to the case at bar. However, as directed, we issue the foregoing as and for the opinion of this court.
For the reasons stated, the judgment of the court below is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.