THOMAS, Judge.
On February 27, 2013, Officer Jimmy Bailey, an officer employed by the Mobile City Police Department, executed a search warrant at the residence of William Anderson. Officer Bailey was accompanied by Officer Carlos Walton, who was also a Mobile City police officer. Although no drugs were found in the search of Anderson’s residence, Officers Bailey and Walton located $15,140 wrapped in a plastic grocery bag in one of Anderson’s boots and a digital scale in Anderson’s residence.
Anderson was arrested and charged with distribution of a controlled substance based on other evidence arising from an investigation conducted by Officers Bailey and Walton. According to Officer Bailey, while being questioned at the police department after his arrest and the search of his residence, Anderson explained that the money in the plastic bag was money Anderson had collected the night before from those who sold marijuana for him. Officer Bailey also testified that Anderson said that he had intended to use $10,000 of the seized money to purchase additional marijuana to sell.
Pursuant to Ala.Code 1975, § 20-2-93,[1] the State instituted a forfeiture action against the currency seized during the search of Anderson’s residence. After a trial, the trial court entered a judgment forfeiting the currency. Anderson appeals.
At trial, Anderson testified that he did not recall his conversation with Officer Bailey regarding where he had gotten the $15,140. Anderson testified that he had been saving the money for some time and that the money was from his paycheck for construction work and from the money he had earned assisting Joe Brown, the proprietor of Club Brown Lounge, with a weekly promotion called “margarita night.” Brown testified that Anderson was paid a percentage of the money earned on “margarita nights” in 2009 and 2010. Brown said that he paid Anderson, on average, $200 to $300 in cash as his portion of the proceeds.
As noted above, Officer Bailey testified that Anderson had admitted that he had collected the money in the boot the night before the search from persons who sold marijuana for Anderson. Officer Bailey also stated that Anderson had said that he had intended to use $10,000 of the seized currency to purchase more marijuana to sell. Although Officer Bailey said that he had recorded that conversation, the recording was not admitted into evidence because it had not been produced to Anderson’s counsel.
Officer Bailey testified that the search warrant was for Anderson’s residence, *254 which was not located in the city limits of Mobile. The record reflects that the search warrant was directed to the sheriff of Mobile County. When asked whether he could properly execute a search warrant made out to the county sheriff, Officer Bailey stated that he was permitted to execute search warrants in the county without being deputized or being part of a task force. He indicated that doing so was a normal practice of the Mobile City Police Department.
Generally, “[o]n appellate review of a ruling from a forfeiture proceeding at which the evidence was presented ore ten-us, the trial court’s judgment is presumed to be correct unless the record shows it to be contrary to the great weight of the evidence.” King v. State, 938 So.2d 967, 970 (Ala.Civ.App.2006). “The ore tenus rule does not, however, extend to cloak a trial judge’s conclusions of law or incorrect application of law to the facts with a presumption of correctness.” $8,011 in United States Currency v. State, 845 So.2d 810, 814 (Ala.Civ.App.2002). Furthermore, “ ‘[wjhere, as here, the facts of a case are essentially undisputed, [an appellate court] must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review.’ ” Ervin v. City of Birmingham, 137 So.3d 901, 904 (Ala.2013) (quoting Continental Nat’l Indem. Co. v. Fields, 926 So.2d 1033, 1035 (Ala.2005)).
Both in the trial court and in this court, Anderson challenges Officer Bailey’s authority to execute the search warrant at Anderson’s residence. Anderson contends, and the undisputed testimony supports his contentions, that the search warrant was issued by a district-court judge to “the Sheriff of Mobile County,” that Officer Bailey is a municipal police officer employed by the City of Mobile, and that Anderson’s residence is located in Mobile County outside the city limits of the City of Mobile. Further, the record indicates that Officer Bailey was not deputized and that he was not accompanied by a sheriffs deputy at the time he executed the search warrant. These facts, Anderson argues, support the conclusion that the search warrant was not validly executed.
Anderson relies on Ala.Code 1976, §§ 15-5-6 and 15-5-7, to support his argument. Section 15-5-5 states:
“If the judge or the magistrate is satisfied of the existence of the grounds of the application or that there is probable ground to believe their existence, he must issue a search warrant signed by him and directed to the sheriff or to any constable of the county, commanding him forthwith to search the person or place named for the property specified and to bring it before the court issuing the warrant.”
According to § 15-5-7, “[a] search warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of such officer at his request, he being present and acting in its execution.”
“It is undisputed that a search warrant may be executed only by the officers to whom it is directed.” Williams v. State, 505 So.2d 1252, 1253 (Ala.Crim.App.1986). Under § 15-5-5, a search warrant is to be directed to the county sheriff or constable, indicating that only sheriff deputies or constables may execute search warrants.[2] When called upon to construe § 15-5-5, the Court of Criminal Appeals determined that the execution of search warrants by municipal officers is authorized in certain, *255 particular instances. In Hicks v. State, 437 So.2d 1344, 1345 (Ala.Crim.App.1982), the Court of Criminal Appeals construed Ala.Code 1975, §§ 12-14-4 and 12-14-32, as permitting municipal judges to issue search warrants directed to municipal law-enforcement officers. The court noted that, “[wjithout doubt, §§ 15-5-5 and 15-5-7 ... do not include municipal police officers as among those authorized to execute search warrants.” Hicks, 437 So.2d at 1345. Similarly, in Williams, the Court of Criminal Appeals determined that a search warrant issued by a municipal judge and directed to the county sheriff “or other lawful officer” was properly executed by Evergreen municipal officers acting within the city limits. Williams, 505 So.2d at 1253. The Williams court applied the principles set out in Hicks to reach its conclusion. Id.
In other cases, the Court of Criminal Appeals has construed § 15-5-5 to allow municipal officers acting under the direction of, or with the authority of, sheriffs deputies to execute search warrants. In Cowart v. State, 488 So.2d 497, 502 (Ala.Crim.App.1985), overruled on other grounds, McClendon v. State, 513 So.2d 102 (Ala.Crim.App.1986), the court, relying on Walden v. State, 426 So.2d 515 (Ala.Crim.App.1982), stated that it is “permissible for a municipal police officer who had been duly sworn as a deputy sheriff to execute a search warrant which was directed to the sheriffs department, even though th[e] deputy was not under the control and supervision of the sheriff.” Similarly, in Gamble v. State, 473 So.2d 1188, 1196 (Ala.Crim.App.l985)(citing United States v. Martin, 600 F.2d 1175 (5th Cir.1979)), the court held that “a search pursuant to an Alabama warrant executed by a municipal officer in cooperation with county sheriffs deputies was valid even if the deputies were present merely to legitimate the search.”
As noted above, however, the search warrant in the present case was issued by a district-court judge, not a municipal judge, and the parties agree that it was directed to the county sheriff. Thus, the present case is unlike both Hicks and Williams, and Officer Bailey did not have the authority to execute the search warrant in the present case pursuant to §§ 12-14-4 and 12-14-32. Furthermore, according to the record, no deputies were present during the search, and Officer Bailey testified that he was not deputized at the time the search was conducted. Thus, Officer Bailey lacked authority to execute the search warrant under the principles announced in Gamble and Cowart.
We are therefore left to determine whether § 15-5-7 prohibits a municipal police officer from executing, without the aid of a sheriffs deputy, a search warrant in the county in which the municipality sits. The State argues that § 15-5-5 and § 15-5-7 do not operate to make Officer Bailey’s execution of the search warrant invalid. According to the State, Ala.Code 1975, § 15-10-1, permits a municipal police officer of any municipality within a county to make an arrest within that county, and Rule 3.3, Ala. R.Crim. P., expands the right to execute an arrest warrant to all municipal police officers within the state. However, Anderson has not challenged Officer Bailey’s authority to arrest Anderson. The State has not satisfactorily explained how the fact that Officer Bailey might have had authority to arrest Anderson under § 15-10-1 or Rule 3.3, which govern arrest power, translates into his authority to execute a search warrant, which, as noted above, is governed by §§ 15-5-5 and 15-5-7.
The State next argues that Rule 3.10, Ala. R.Crim. P., expands the authority to execute search warrants to all police offi *256 cers within the state. The rule states, in pertinent part: “The search warrant shall be directed to and served by a law enforcement officer, as defined by Rule 1.4(p)[, Ala. R.Crim. P.].” Rule 1.4.(p), Ala. R.Crim. P., defines a “law enforcement officer” as “an officer, employee or agent of the State of Alabama or any political subdivision thereof....” Thus, the State argues, Rule 3.10 allows any law-enforcement officer of any political subdivision of the state to serve or execute any search warrant in the state. However, as noted by Justice Lyons in his concurring-in-the-result opinion in State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1030-31 (Ala.1999) (Lyons, J., concurring in the result), Rule 3.10 does not indicate that it supersedes § 15-5-7, which provides specifically that a search warrant is to be executed by the officer to whom it is directed. Justice Lyons explained:
“One of the grounds upon which the trial court predicated its dismissal [of the forfeiture action in Property at 2018 Rainbow Drive ] was that the search was improper, under § 15-5-7, Ala.Code 1975, because the warrant was executed by officers other than those to whom it was directed. The trial court found that this defect in the execution of the warrant required the suppression of the evidence seized at the subject property.
“Section 15-5-7 provides:
“ ‘A search warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of such officer at his request, he being present and acting in its execution.’
“This statute has been strictly construed, and compliance with its formality has been required. See Yeager v. State, 500 So.2d 1260 (Ala.Crim.App.1986); Rivers v. State, 406 So.2d 1021 (Ala.Crim.App.1981), cert. denied, 406 So.2d 1023 (Ala.1981); see, also, United States v. Martin, 600 F.2d 1175 (5th Cir.1979) (recognizing that strict compliance with § 15-5-7 is required), overruled on other grounds, United States v. McKeever, 905 F.2d 829 (5th Cir.1990). Failure to comply with § 15-5-7 requires suppression of the evidence seized pursuant to the warrant. See Rivers, supra. Furthermore, the exclusionary rules applicable in criminal prosecutions are equally applicable in forfeiture proceedings. Nicaud v. State ex rel Hendrix, 401 So.2d 43, 45 (Ala.1981).
“In the present case, members of the Gadsden Police Department and an officer of the Alcoholic Beverage Control Board executed a search warrant authorizing a search of the subject property for illegal controlled substances. That search warrant, however, was addressed to ‘The Sheriff of [Etowah CJounty.’ It is undisputed that the members of the Gadsden Police Department and the ABC officer who searched the subject property were not deputized members of the Etowah County Sheriffs Department. It is also undisputed that no member of the Etowah County Sheriffs Department was present and acting in the execution of the warrant. Thus, the warrant was neither executed by ‘any one of the officers to whom it [was] directed’ nor executed by a person ‘in aid of such officer at his request, he being present and acting in its execution,’ as § 15-5-7 requires.2 Therefore, the trial court correctly suppressed the evidence and correctly dismissed the action.
[[Image here]]
“Last, one could argue that Rule 3.10, Ala. R.Crim. P., has modified § 15-5-7. Rule 3.10 provides, in pertinent part:
“ ‘The search warrant shall be directed to and served by a law enforce *257 ment officer, as defined by Rule 14(p). It shall command such officer to search, within a specified period of time not to exceed ten (10) days, the person or place named for the property specified and to bring an inventory of said property before the court issuing the warrant.... The judge or magistrate shall endorse the warrant, showing the hour, date, and the name of the law enforcement officer to whom the warrant was delivered for execution, and a copy of such warrant and the endorsement thereon shall be admissible in evidence in the courts.’
“(Emphasis added.) Rule 1.4(p) states:
“ ‘ “Law Enforcement Officer” means an officer, employee or agent of the State of Alabama or any political subdivision thereof who is required by law to:
“ ‘(i) Maintain public order;
“‘(ii) Make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses; and
“ ‘(iii) Investigate the commission or suspected commission of offenses.’
“Therefore, Rule 3.10 does not specifically authorize the execution of a warrant by a law-enforcement officer other than the officer to whom the warrant is directed. As noted above, § 15-5-7 condemns the execution of a warrant by an officer other than the one to whom the warrant is directed. The Rules of Criminal Procedure displace statutes that conflict with the rules. See § 15-1-1, Ala.Code 1975; Ex parte Oswalt, 686 So.2d 368, 370 (Ala.1996). However, if the Advisory Committee thought § 15-5-7 conflicted with Rule 3.10, the Committee easily could have referred to the conflict in the Committee Comments to Rule 3.10. Instead, the Comments, speaking to the statutes modified by the rule, state, ‘This rule is taken from and modifies Ala.Code 1975, §§ 15-5-5, 15-5-8, and 15-5-12.’ I am not prepared to expand on that list in the absence of any reason for thinking the omission of § 15-5-7 was an oversight. «
“2The fact that the members of the Gadsden Police Department and the ABC officer were not deputized by the Etowah County Sheriffs Department distinguishes this case from Cowart v. State, 488 So.2d 497, 502 (Ala.Crim.App.1985), in which the Court of Criminal Appeals held that a warrant directed to the ‘Sheriff of Mobile County’ was properly executed by an officer of the Mobile Police Department because the officer ‘had been personally deputized by the sheriff of Mobile County and had taken an oath to discharge the duties of a deputy sheriff.’ The fact that no member of the Etowah County Sheriffs Department was present during the search distinguishes this case from Yeager, supra, and Gamble v. State, 473 So.2d 1188 (Ala.Crim.App.1985).”
Property at 2018 Rainbow Drive, 740 So.2d at 1030-31 (Lyons, J., concurring in the result) (second emphasis added).[3]
We agree with the analysis performed by Justice Lyons in his opinion concurring in the result in Property at 2018 Rainbow Drive. Section 15-5-7 requires that a search warrant be executed by the officers to whom it is directed, and it is undisputed that the search warrant in the present case was directed to the sheriff of Mobile County, not to the Mobile Police Department or to “any law-enforcement officer.” *258 The testimony at trial established that Officers Bailey and Walton, who are both officers of the Mobile City Police Department, executed the search warrant without assistance from the Mobile County Sheriffs Office. Furthermore, Officer Bailey admitted that he was not deputized by the sheriff. Thus, we agree with Anderson that the search warrant was not properly executed.
The State argues that, even if the search warrant was not properly executed, no ground for reversal exists because of the “good-faith exception.” That exception prevents the exclusion of evidence gathered during a defective search when the officers executing the search reasonably relied on a warrant later held to be invalid. Rivers v. State, 695 So.2d 260, 262 (Ala.Crim.App.1997) (citing United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). The Court of Criminal Appeals has explained that “[t]he good faith exception provides that when officers acting in good faith, that is, in objectively reasonable reliance on a warrant issued by a neutral, detached magistrate, conduct a search and the warrant is found to be invalid, the evidence need not be excluded.” Rivers, 695 So.2d at 262.
However, in the present case, it is not the search warrant that is invalid. Instead, our conclusion is that Officer Bailey improperly executed the search warrant in violation of the established law set out in § 15-5-7. We cannot agree that the good-faith exception applies to permit a municipal officer to execute a search warrant directed to a county sheriff in violation of § 15-5-7. Officer Bailey’s reliance on what appears to be an illegal practice of the Mobile City Police Department is not reasonable in light of the statutory directive of § 15-5-7 that a search warrant be executed by the officer to whom it is directed or at his or her direction and in his or her presence.
“Evidence obtained in an illegal search and seizure must be excluded in a forfeiture proceeding and to rely on such evidence violates fundamental constitutional rights.” Moynes v. State, 555 So.2d 1086, 1089 (Ala.Civ.App.1989) (citing Nicaud v. State, 401 So.2d 43 (Ala.1981)). Accordingly, because the search warrant was improperly executed and because the currency seized by Officer Bailey was illegally obtained, the currency cannot form the basis of the forfeiture action. The judgment of the trial court is therefore reversed, and the cause is remanded to the circuit court for entry of a judgment in conformity with this opinion.[4]
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Section 20-2-93(a) reads, in pertinent part, as follows:
"(a) The following are subject to forfeiture:
"(4) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of any law of this state; all proceeds traceable to such an exchange; and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of any law of this state concerning controlled substances....”

. As will be discussed, infra, Rule 3.10, Ala. R.Crim. P,, modified § 15-5-5 to permit law-enforcement officers other than sheriffs to execute search warrants.

. Rule 3.10 was amended in 2002, after the issuance of the opinion in Property at 2018 Rainbow Drive, but the quoted portion of the rule is identical in all respects in both the former and the amended rule.

. In light of our resolution of the warrant issue, we pretermit consideration of Anderson's other issues on appeal. See Favorite Market Store d/b/a F.M. Serv. Corp. v. Waldrop, 924 So.2d 719, 723 (Ala.Civ.App.2005) (pretermilting discussion of additional issues when the decided issue was dispositive of the appeal).