BRADLEY, Presiding Judge.
This is an automobile forfeiture case.
The State implemented forfeiture proceedings on a red 1984 Camaro in the possession of Charles Brock pursuant to section 32-8-86(h), Code 1975 (1986 Cum. Supp.).
“(h) Any vehicle, engine, transmission, or other identifiable component part, wherein the identification number or numbers appear to be altered, or removed may be seized and detained by law enforcement officials for a reasonable period of time for determination of the true identity of the vehicle, engine, transmission, or other component parts. Any item seized by law enforcement officials, wherein ownership cannot be determined shall be contraband and subject to forfeiture.”
*43 § 32-8-86(h), Code 1975 (1986 Cum.Supp.). Notice was given that all parties claiming the vehicle should file a claim in the Circuit Court of Cullman County. Richard Lov-vorn, Randy Phillips, and Charles Brock filed claims, as did SouthTrust Bank as lienholder. Lowom and Phillips withdrew their claims. The court denied forfeiture and returned the car to Charles Brock. The State appeals.
The case was submitted to the court on the basis of exhibits and a statement of facts by each party. The pertinent facts are that the Alabama Bureau of Investigation in Cullman County (State), upon receipt of information from a reliable informant, inspected and seized a red 1984 Cá-maro in the possession of Charles Brock (Brock) on February 10, 1986. The investigation resulted in a determination that the vehicle had been altered in violation of section 32-8-86, Code 1975 (1986 Cum.Supp.). The alleged alterations consisted of changed vehicle identification numbers (VIN), changed confidential numbers, and a changed inspection sticker. The car remains in the possession of the State.
Brock had purchased the car from Randy Phillips and had paid market value. He obtained a purchase money security agreement from SouthTrust Bank for $7,945 and has made payments resulting in a current balance of $5,151.89.
Richard Lowom was arrested and admitted altering the identification numbers and inspection sticker on the vehicle. He filed a claim on the vehicle, claiming it was rebuilt and not stolen. Phillips filed a similar claim. Both withdrew their claims pri- or to trial. Brock’s claim was heard by the court.
The State contended at trial that, once a vehicle is found to have altered identification numbers in violation of the law and the true identity of the vehicle cannot be ascertained, the vehicle is considered contraband and subject to forfeiture. § 32-8-86(h) Code 1975 (1986 Cum. Supp.). However, the trial court, after hearing the matter, concluded that ownership could be determined and, therefore, forfeiture was inappropriate.
The State argues that once it has shown that a motor vehicle has altered numbers it has met its burden of proof and the vehicle should be subject to forfeiture. We agree that once the State shows that a vehicle has altered numbers a presumption arises that the vehicle should be forfeited. See, First Tennessee Bank National Association v. Jones, 732 S.W.2d 281 (Tenn.Ct. App.1987) and § 32-8-86(h), Code 1975 (1986 Cum.Supp.). However, the presumption can be rebutted by proof of original ownership or proof that the alteration is lawful due to a legitimate salvage operation. §§ 32-8-86(j) and -87, Code 1975 (1986 Cum.Supp.).
In the present case Brock was able to show that he held title to a vehicle through a legitimate salvage operation.
The evidence supports the trial court’s finding that Brock’s chain of title establishes him as the true owner of the seized vehicle. The record reveals that State Farm Insurance Company in Temple, Texas received a salvage certificate of title from Texas after obtaining the vehicle from Terry Slone, also of Temple, Texas. The VIN on the salvage certificate of title was 1G1AP87H6EL108874. The title was thereafter assigned to Roberts Auto Sales of Dallas, Texas. Roberts Auto Sales then reassigned the title to B.C. Motors of Cull-man, Alabama. Randy Phillips purchased the vehicle from B.C. Motors and applied for an inspection of a salvage vehicle in Alabama and for an Alabama certificate of title pursuant to section 32-8-87, Code 1975 (1986 Cum.Supp.). The VIN listed on the application was the same as on the Texas salvage certificate of title. The inspection certificate was issued and, thereafter, the State of Alabama issued a certificate of title to Phillips. The certificate of title listed the same VIN as on the Texas title. Phillips sold the vehicle to Charles Brock as evidenced by a bill of sale and Brock was issued a certificate of title by the State of Alabama.
It is without dispute that the VIN has not changed since Texas issued the salvage certificate of title pursuant to Texas stat *44 ute. The trial court concluded, and we agree, that a chain of title from Texas to Brock was shown at trial and such could have been established by the investigating officers.
The statute requires the State to attempt to determine the true identity of the vehicle and thus the true owner. The court reviewed the documents showing chain of title and concluded that the “true” owner could be ascertained as well as the true identity of the vehicle. From the record evidence it appears that Terry Slone was the original owner and released the vehicle to State Farm and title was ultimately passed to Brock.
Consequently, we conclude that the presumption afforded the State has been overcome by sufficient evidence of the true identity of the vehicle which was established by a legitimate salvage operation. The vehicle is not contraband subject to seizure and was properly returned to Brock as the owner.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.