RUSSELL, Judge.
This action was brought by the State of Alabama pursuant to § 32-8-86(h), Ala. Code 1975. The State sought forfeiture of a 1980 model Chevrolet Corvette, alleging that the vehicle identification number had been altered so that ownership of the automobile could not be determined. Following an ore tenus hearing, the circuit court issued an order requiring that the vehicle be disassembled and that all identifiable parts be returned to their proper owners. All unidentifiable parts were ordered destroyed.
Georgia Casualty & Surety Company (ap-pellee) filed a motion for rehearing. Following a hearing on that motion, at which additional evidence was received, the circuit court rescinded its original order and found that the automobile in question was, in fact, a 1980 Chevrolet Corvette and decreed that it should be assigned a new vehicle identification number by the Department of Revenue. The Department was also ordered to issue a new certificate of title to the vehicle.
The State appeals. We affirm.
The pertinent facts are that the Alabama Bureau of Investigation, investigating a report by a man who thought he might be in possession of a stolen vehicle, discovered that the vehicle identification number on the automobile had been altered. The car appeared to have a 1982 model body; however, the vehicle identification number identified it as a 1976 Corvette. Additionally, the federal inspection sticker had been removed.
The vehicle identification number was determined to belong to wreckage located in the State of Louisiana. Further investigation revealed that that wreckage was missing its vehicle identification number plate.
The sole issue raised by the State is whether the circuit court committed reversible error when it failed to order forfeiture of the 1980 vehicle.
The appellee counters that it was entitled to recovery of the vehicle pursuant to *1234 § 32 — 8—86(j), Ala. Code 1975, because the modification of the vehicle identification number was the result of a legitimate salvage operation. Furthermore, the appellee asserts that it is the true owner of the vehicle as a result of its having paid a claim on a title policy issued to its insured in exchange for which it received a subro-gation receipt.
Initially, we note that, once the State has demonstrated that a vehicle has altered vehicle identification numbers, a presumption arises that the vehicle should be forfeited. State v. One 1984 Camaro, 521 So.2d 42 (Ala.Civ.App.1988). However, that presumption can be rebutted by proof of original ownership or proof that the alteration is lawful due to a legitimate salvage operation. §§ 32—8—86(j) and -87, Ala. Code 1975.
We find that there was sufficient evidence for the trial court to conclude that the appellee held title to the automobile and that alteration of the vehicle identification number was the result of a legitimate salvage operation.
There was testimony that State Farm Mutual Automobile Insurance Company (State Farm), a party to the original action, held title to the frame of the automobile, which had reportedly been stolen, as a result of its having paid a claim by its insured. We note that the only part of the automobile which was alleged by the State to have been stolen was the frame.
In exchange for payment to the claimant, State Farm was assigned title to the frame, and subsequently, it assigned that title to the appellee. Therefore, there was sufficient evidence that title to this part of the automobile was held by the appellee.
Furthermore, testimony was adduced by Larry Pearson that he reconstructed the automobile in question through a legitimate salvage operation. He testified that, after purchasing the body and frame of the automobile, he had a title bond issued through an agency in Mississippi.
He later sold the automobile to a Mr. Dale Tutor. Mr. Tutor later assigned title to Highway 42 Motors, which subsequently reassigned title to Jack Harrison Used Cars. All of these assignments are evidenced on the certificate of title issued by the State of Mississippi.
Consequently, we find that the presumption afforded the State has been overcome by sufficient evidence of the true identity of the vehicle which was reconstructed through a legitimate salvage operation. Therefore, we affirm the decision of the circuit court.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.