Jimmy Quinn Rivers and April Victoria Whiting were convicted on charges that they unlawfully possessed marijuana for other than personal use, in violation of Ala. Code 1975, § 13A-12-213. They reserved for purposes of appeal the trial court's denial of their motion to suppress evidence seized during the search of the house in which they are residing. We affirm.
The Mobile County grand jury charged Rivers and Whiting with one count each of unlawful possession of marijuana, and each entered a not guilty plea. The appellants filed a motion to quash the indictment and a motion to suppress the evidence seized during the search on the basis that the search was unlawful. After a hearing, the trial court denied the motion to suppress and took the motion to quash under advisement. Thereafter, Rivers and Whiting entered guilty pleas to the possession charges but reserved the suppression issue for appeal. Each appellant was sentenced to three years' incarceration. The sentences were split and they were ordered to serve one year; the one-year term was postponed pending good behavior.
This Court is presented only with the issue regarding the denial of the appellants' motion to suppress evidence seized during the search of the house. We review that ruling de novo, because the facts in the case are not in dispute. State v.Hill, 690 So.2d 1201 (Ala. 1996).
The circuit court summarized the evidence presented at the hearing on the motion to suppress as follows:
 "On October 13, 1995, Raymond Grissett, then a sworn officer assigned to the First Circuit Task Force, presented an affidavit to and sought a search warrant from Judge Tom Baxter in Washington County. The warrant was authorized by Judge Baxter to search the defendants' premises on John Johnson Odom Road, which the affiant and other members of the searching team honestly but erroneously believed was in Washington County.
 "The discovery that the place sought to be searched was in fact within the confines of Mobile County did not occur until after the Washington County warrant was in the process of being executed, contraband found but not seized, and a power bill denominating the address as being in Mobile County discovered. Immediately upon learning that they were searching a Mobile County residence pursuant to a Washington County warrant, the officers terminated the search without seizing any contraband, secured the premises, and dispatched ABC agent Joseph Reiter to Mobile to seek a valid warrant.
 "Officer Reiter went to the residence of Mobile County District Judge Michael McMaken, provided a different affidavit, which incorporated the previous affidavit sworn to before Judge Baxter, and obtained a Mobile County search warrant. The content of that affidavit and Officer Reiter's candid disclosure that he was in part conveying information obtained by another officer is of salient importance to the question presented by these facts.
". . . .
 "A review of the affidavit presented to Judge McMaken establishes that some of the information presented was unlawfully obtained, such as stating what was found before the illegal search was terminated; and some was lawfully obtained, such as the original affidavit presented by Grissett to Judge Baxter."
(C. 29-30.)
The appellants argue that the initial search warrant was void because it was issued by a Washington County court and purported to authorize a search of a Mobile County residence. The appellants contend, therefore, *Page 262 
that all of the evidence obtained was the fruit of the poisonous tree, and consequently inadmissible. While it is clear that Judge Baxter of Washington County had no authority to issue a search warrant for a Mobile County residence, our analysis does not end here. Our review of the relevant legal principle and the facts in this case leads us to conclude that the trial court correctly denied the motion to suppress.
First, we find that the portion of the search of the appellants' residence that was conducted pursuant to the warrant issued by the Washington County court falls under the good-faith exception to the Fourth Amendment exclusionary rule. The good faith exception provides that when officers acting in good faith, that is, in objectively reasonable reliance on a warrant issued by a neutral, detached magistrate, conduct a search and the warrant is found to be invalid, the evidence need not be excluded. United States v. Leon, 468 U.S. 897,104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The trial court correctly stated that law enforcement's conduct in obtaining and executing the warrant was "undeniably reasonable." The court noted that the officers had ample probable cause; that the search was terminated and the scene was secured immediately after the discovery that the house was in Mobile County; and that the officers sought a Mobile County warrant before continuing the search. We note, additionally, that testimony at the hearing established that several officers from Washington County were among those who executed the warrant, indicating that they believed the residence was in Washington County; we also note that the house was apparently located near the county line. The evidence presented demonstrates that the good faith exception applies to the initial portion of this search.
Second, we agree with the trial court that the portion of the search conducted pursuant to the Mobile County warrant was also proper. The appellant argues that the Mobile County warrant was based only on evidence that had been seized during the first portion of the search, and that the second warrant was therefore improperly issued. We disagree. Although the Mobile County judge received information about evidence found in the first part of the search, he also received and reviewed a copy of the Washington County affidavit and search warrant. The affidavit presented to the Washington County judge, alone, supported a finding of probable cause. Therefore, when the information obtained in the search is eliminated from consideration, there remained sufficient evidence to support a probable cause finding and the issuance of the search warrant by the Mobile County judge. See, Ex parte Maddox, 502 So.2d 786
(Ala. 1986).
Based on the foregoing, we affirm the judgment of the Circuit Court of Mobile County.
AFFIRMED.
All the Judges concur. *Page 607