This is an appeal from a judgment ordering the forfeiture of a motor vehicle and an engine block, pursuant to §32-8-86(h), Ala. Code 1975. That section provides:
 "Any vehicle, engine, transmission, or other identifiable component part, wherein the identification number or numbers appear to be altered, or removed may be seized and detained by law enforcement officials for a reasonable period of time for determination of the true identity of the vehicle, engine, transmission, or other component parts. Any item seized by law enforcement officials, wherein ownership cannot be determined shall be contraband and subject to forfeiture." *Page 51 
In 1996, Jefferson County law enforcement officials executed a search warrant on the premises of Mack Garrett and seized a 1983 Chevrolet Blazer motor vehicle and a small-block General Motors-type V-8 engine. Alleging that the ownership of the items seized could not be determined because the identification numbers on the property were missing, the State filed a forfeiture action against the automobile and the engine. Garrett filed a claim for the automobile, and Douglas Greer filed a claim for the engine.
Following an evidentiary hearing, the trial court ordered both pieces of property forfeited to the State. Garrett and Greer appealed.
 I.
Garrett and Greer contend that the search was illegal because the Jefferson circuit judge who issued the warrant had no authority to permit a search of property that, they say, was located in Blount County. See Rule 3.7, Ala. R. Crim. P.; Womackv. State, 281 Ala. 499, 205 So.2d 579 (1967).
The evidence was undisputed that Jefferson County sheriff's deputy William B. Carson obtained a warrant to search the premises located at 9727 Garrett Road, and that 9727 Garrett Road is in Jefferson County. Garrett testified that part of his property is in Jefferson County and that part of it is just over the county line in Blount County. He stated that his residence is located at 9719 Garrett Road, in Blount County, and that the area searched was in Blount County.
We have reviewed the record, and we find that the evidence regarding where the search occurred was disputed. The trial court apparently did not resolve this factual dispute. It made no specific finding of fact as to whether the search occurred in Jefferson County or in Blount County. Instead, the court held, the search was valid because the officers executing the warrant had made a good-faith effort to comply with the warrant requirement. The trial court's order states:
 "A good faith exception to the Fourth Amendment exclusionary rule has been carved out by the U.S. Supreme Court and followed in the case of Rivers v. State, 695 So.2d 260 (Ala.Crim.App. 1997). The Court of Criminal Appeals, following United States v. Leon, 468 U.S. 897 (1984), held: `The good faith exception provides that when officers acting in good faith, that is, in objectively reasonable reliance on a warrant issued by a neutral, detached magistrate, conduct a search and the warrant is found to be invalid, the evidence need not be excluded.' From the facts of this case, the Court finds that the conduct in obtaining and executing the warrant was reasonable, and that the evidence should not be excluded. The Court further finds that Mr. Garrett's credibility is in question from the evidence in this case."
The trial court's conclusion that the officers acted in good faith is fully supported by the record. We, therefore, affirm the court's holding that the search was valid pursuant to the good-faith exception of Leon, as applied in Rivers.
 II.
Garrett and Greer argue that the Jefferson circuit court did not have subject-matter jurisdiction over this in rem
proceeding because, they say, the property was seized in Blount County rather than in Jefferson County. In Part I of this opinion, we stated that the evidence as to the location of the search was disputed. Even assuming, however, that the search occurred in Blount County, we conclude that the Jefferson circuit court had subject-matter jurisdiction over the forfeiture proceeding.
In City of Gadsden v. Jordan, [Ms. 2970342, July 31, 1998] ___ So.2d ___ (Ala.Civ.App. 1998), this court explained the basis of subject-matter jurisdiction in a forfeiture proceeding: *Page 52 
 "A civil forfeiture proceeding is an action in rem
against the property itself. Wherry v. State ex rel. Brooks, 637 So.2d 1353, 1355 (Ala.Civ.App. 1994).
 "`To have subject matter jurisdiction in an in rem
proceeding, a court must have both the jurisdictional authority to adjudicate the class of cases to which the case belongs and jurisdictional authority over the property which is the subject matter of the controversy.'
 "Ruth v. Department of Legal Affairs, 684 So.2d 181, 185 (Fla. 1996). As a court of general jurisdiction, the circuit court had jurisdictional authority to adjudicate the class of cases to which this action belongs. See Ala. Const. Amend. 328, § 6.04(b). The circuit court also had jurisdictional authority over the property that is the subject matter of the controversy. See Republic Nat'l Bank of Miami v. United States, 506 U.S. 80 (1992).
 A court acquires jurisdiction over the property in an in rem proceeding when the res is validly seized and brought within the control of the court. Id. at 84-85. In Alabama, the res is validly seized either pursuant to `process issued by [a] court,' see § 20-2-93(b), Ala. Code 1975; Brown Hagin Co. v. McCullough, 194 Ala. 638, 69 So. 924 (1915), or pursuant to one of the exceptions listed in § 20-2-93(b)(1)-(4), Ala. Code 1975. . . . In order to have subject matter jurisdiction in a forfeiture case, `the court must have actual or constructive control of the res when an in rem
forfeiture suit is initiated.' Republic Nat'l Bank of Miami v. United States, 506 U.S. at 86. `[J]urisdiction, once vested, is not divested.' Id. at 84."
City of Gadsden v. Jordan, ___ So.2d at ___ (emphasis added).
Based on our holding in Part I of this opinion — that the res was validly seized by Jefferson County law enforcement officers pursuant to process issued by a Jefferson County court — we conclude that the Jefferson circuit court had subject matter jurisdiction over the property at issue here.
 III.
Garrett and Greer maintain that the State did not establish its right to have the property forfeited under §32-8-86(h). They claim that, despite the absence of identifying numbers on the property, they proved ownership of the vehicle and the engine.
The State's evidence established that numerous old cars and car parts, in various stages of being dismantled, were found on Garrett's property. Two stolen vehicles were found. Garrett admitted that he rebuilt and sold old cars. Garrett produced a 1991 certificate of title for the 1983 Blazer, which he said he had bought in 1988. Garrett did not show the chain of title from the original owner. Cf. State v. One 1984 Camaro, 521 So.2d 42
(Ala.Civ.App. 1988) (holding that claimant who traced vehicle back to salvage certificate of title had overcome the presumption that vehicle was forfeitable because of altered VIN).
The VIN on Garrett's certificate of title matched the "public VIN" on the Blazer. The State's evidence indicated, however, that the "public VIN" appeared to have been tampered with. The State's evidence also established that the "federal sticker" on the door of the Blazer had been removed and that there was no identifying number on the frame of the vehicle. Under the circumstances, the trial court could have inferred that the Blazer was a "hybrid" and that Garrett's certificate of title indicated ownership of only part of the vehicle. We hold that the vehicle was properly forfeited pursuant to § 32-8-86(h).
Greer testified that Garrett had given him the small-block V-8 engine and that he was rebuilding it for his son. The engine block had no identifying numbers. Garrett said that he had removed the engine block from one of the vehicles on his *Page 53 
property, but he could not say which vehicle. Greer testified that he had taken the engine to a machine shop to have it "decked," and that when he picked it up from the shop it had no identifying numbers.
When the State shows that the identifying numbers on a motor vehicle or a component part of a motor vehicle have been altered or obliterated, a presumption arises that the true identity of the property cannot be ascertained and the property is considered contraband and subject to forfeiture. State v. One1984 Camaro, 521 So.2d at 42. The presumption can be rebutted by proof of original ownership or proof that the alteration or obliteration is lawful due to a legitimate salvage operation. Id. Because the testimony of Garrett and Greer provided nothing to rebut the presumption, the trial court correctly concluded that the engine was subject to forfeiture.
The judgment of the circuit court is affirmed.
AFFIRMED.
Yates and Thompson, JJ., concur.
Robertson, P.J., and Monroe, J., concur in the result.