[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15202
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cv-01651-RDP

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CURRENCY,
In United States $178,858.00,

Defendant,

DERRICK ERVIN,

Claimant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 30, 2014)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Derrick Ervin appeals the district court's denial of his Rule 60(b)(4) motion to set aside a civil forfeiture judgment. Mr. Ervin alleged in his motion that the order of forfeiture entered by the district court was void as a matter of law because possession of the defendant *res* ($178,858.00 in United States currency) by the Jefferson County Circuit Court prevented a federal court from acquiring or exercising jurisdiction. We affirm.

## I.

On February 16, 2006, officers of the Birmingham Police Department (BPD) were conducting surveillance of an apartment complex, where they suspected illegal drug activity. The officers observed three men leave an apartment; one of the men was carrying a black bag on his shoulder. An officer followed the three men and heard the sound of a vehicle being locked and unlocked and "a handgun being 'chambered' with a round of ammunition." D.E. 1 at ¶ 3(b). The officer approached a green GMC Denali truck, identified himself, and asked who had chambered the round. One of the individuals—later identified as Mr. Ervin— pulled a handgun from his waistband and fired multiple shots at the officer. The three men fled on foot and were later apprehended.

2

BPD officers determined that the GMC Denali truck was registered to Mr. Ervin and impounded the vehicle. BPD officers obtained a search warrant for the truck from the Jefferson County Circuit Court for the vehicle in connection with suspected illegal drug activity. While executing the search warrant of the truck's interior, BPD detectives, in conjunction with agents from the U.S. Drug Enforcement Administration (DEA), found a black bag containing $160,840.00, a shoe box containing $18,000.00, and $18 in cash. As a result of the search, law enforcement officers seized a total $178,858.00. *See id.* at ¶ 3(g).

That same day, BPD officers also obtained a search warrant for the apartment from which the three men had been seen leaving on the night of February 16, 2006. The officers found a gym bag containing ten packages of cocaine hydrochloride weighing 18 kilograms, a box containing ten bags of hydrochloride weighing 31 ounces, and 43 methylenedioxymethamphetamine pills (also known as Ecstasy or MDMA). *See id.* at ¶ 3(h). Cocaine hydrochloride is classified as a "controlled substance" for purposes of 21 U.S.C. § 801 *et seq. See id.* at ¶ 4.

On August 21, 2006, the United States filed a civil forfeiture action under 21 U.S.C. § 881(a)(6), seeking the forfeiture of the $178,858.00 found in the truck as proceeds of illegal drug activity. According to the civil forfeiture complaint, DEA special agents had probable cause to believe that the currency seized during the

search of the truck was "furnished, or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Title 21, United Sates Code, Chapter 13, Subchapter I." *Id.* at ¶ 5. *See also* D.E. 14 at ¶ 2.

On March 30, 2007, Mr. Ervin filed a verified claim to the defendant property, which he later moved to withdraw on January 18, 2008. Finding that Mr. Ervin consented to forfeiture, that there were no other potential claimants to the defendant currency, and that the time for asserting any such interests had expired, the district court granted the United States' motion for consent judgment and ordered forfeiture of the defendant *res* to the United States under 21 U.S.C. § 881(a)(6). *See* D.E. 15. The forfeiture proceeds were disbursed via the federal "equitable sharing" program, with 80% awarded to the BPD and 20% retained by the United States. *See* Appellee's Br. at 2; D.E. 20 at ¶ 9.

On June 10, 2013, Mr. Ervin filed the instant Rule 60(b)(4) motion to set aside the district court's judgment and order of forfeiture. The district court denied the motion, concluding that it had properly exercised *in rem* jurisdiction over the defendant currency. Specifically, the district court ruled that because no state court action related to the *res* had been instituted in the Jefferson County Circuit Court, "no bar existed on the federal exercise of jurisdiction." D.E. 25 at 7. Referring to the doctrine of "adoptive forfeiture"—under which a federal court can adopt a state or local seizure and subsequently deem the property to have been seized by the

4

federal government—the district court reasoned that "threats posed to federalism and comity by the usurpation of jurisdiction or the maintenance of parallel proceedings" were "nonexistent" because the state court had made no attempt to assert *in rem* jurisdiction. *Id.* at 8.

## II.

Rule 60(b)(4) motions—unlike motions under other subsections of Rule 60(b)—"leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (internal quotation marks and citation omitted). We therefore review *de novo* a district court's ruling on a Rule 60(b)(4) motion. *See id.* Generally, a judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* (internal quotation marks and citation omitted). It is well settled, however, "that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)." *In re Optical Technologies, Inc.*, 425 F.3d 1294, 1306 (11th Cir. 2005) (quoting *Oaks v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001)). Indeed, "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for

jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

We have long recognized that a court's *in rem* jurisdiction "must be exclusive," and a state court and a federal court therefore "cannot simultaneously exercise *in rem* jurisdiction over the same property." *United States v. $270,000.00 in U.S. Currency*, 1 F.3d 1146, 1147 (11th Cir. 1993). In order to avoid this conflict, "the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Id.* at 1148.

Mr. Ervin contends that "complete jurisdiction" over the defendant *res* attached first in the Jefferson County Circuit Court, thus barring subsequent jurisdiction within the federal court. *See* Appellant's Br. at 10-13. Specifically, he argues that, under Alabama law, jurisdiction was vested in the state court when the defendant *res* was seized pursuant to a state-issued search warrant and that—contrary to the United States' argument—the filing of a separate, third-party forfeiture complaint was not necessary to confer exclusive state court jurisdiction over the property. *See id.*

Mr. Ervin and the United States provide seemingly conflicting Alabama case law discussing the requirements for *in rem* jurisdiction to vest in an Alabama state

court.[1] We, however, need not address whether *in rem* jurisdiction attached within the state court prior to the federal forfeiture proceedings because, under the governing standard for a Rule 60(b)(4) motion, we cannot say that this is one of the "exceptional case[s]" that lacks even an "arguable basis" for jurisdiction. *See United Student Aid Funds*, 559 U.S. at 271. The United States properly filed a complaint in the district court seeking civil forfeiture of the defendant property under 21 U.S.C. § 881(a)(6) as alleged proceeds of illegal drug activity in violation of 21 U.S.C. § 801 *et seq.* The district court subsequently entered a consent judgment following Mr. Ervin's withdrawal of his verified claim and express consent to the forfeiture of the defendant *res* to the United States. *See* D.E. 15. Additionally, as explained by the district court, the notion that the federal government may adopt property seized pursuant to state process and give to it the

---

[1] Mr. Ervin cites to state and federal cases that suggest that seizure made pursuant to process issued by the state court is alone sufficient to vest *in rem* jurisdiction to the exclusion of other courts. *See Vorhees v. Jackson, ex dem Bank of the United States*, 35 U.S. 449, 460 (1836) ("the seizing of the property by virtue of process issued from a court having authority to issue the writ, vests in the tribunal from which the process issued a complete jurisdiction over the thing or property seized"); *The Rio Grande*, 90 U.S. 458, 463-64 (1874) ("Jurisdiction of the *res* is obtained by a seizure under process of the court, whereby it is held to abide such order as the court may make concerning it."); *Garrett v. State*, 739 So. 2d 49, 52 (Ala. Civ. App. 1999) ("Based on our holding. . . that the *res* was validly seized by [state] law enforcement officers pursuant to process issued by a [state] court. . . we conclude that the [state] court had subject matter jurisdiction over the property at issue here."). The United States, citing to a 2009 Alabama civil appellate court case, contends that "[u]nder Alabama law, obtaining *in rem* jurisdiction is a two-step process, requiring both possession of the *res* and the filing of an *in rem* court action." Appellee's Br. at 8-9. *See Green v. City of Montgomery*, 55 So. 3d 256, 263 (Ala. Civ. App. 2009) ("Alabama law requires a two-step process of possession and then the filing of an *in rem* court action.").

same effect as if it had been first seized by federal authorities is embodied within the operative characteristics of the long-accepted doctrine of adoptive seizure.[2]

Given that the district court at the very least possessed arguable subject-matter jurisdiction under § 21 U.S.C. 881(a)(6), that Mr. Ervin consented to the forfeiture at the time of the judgment, that the record demonstrated that the state agreed to transfer the currency to federal authorities, and that no *in rem* proceedings had been instituted within the state court, we cannot say that the forfeiture judgment is void. Mr. Ervin therefore is not entitled to relief under Rule 60(b)(4).

## III.

We affirm the district court's denial of Mr. Ervin's 60(b)(4) motion.

**AFFIRMED.**

---

[2] *See, e.g., Taylor v. United States*, 44 U.S. 197, 205 (1845) ("At the common law any person may, at his peril, seize for a forfeiture to the government, and, if the government adopts his seizure, and institutes proceedings to enforce the forfeiture, and the property is condemned, he will be completely justified. So that it is wholly immaterial in such a case who makes the seizure, or whether it is irregularly made or not, or whether the cause assigned originally for the seizure be that for which the condemnation takes place, provided the adjudication is for a sufficient cause."); *United States v. One Ford Coupe Automobile*, 272 U.S. 321, 325 (1926) ("It is settled that, where property declared by a federal statute to be forfeited, because used in violation of federal law, is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized."). *See also* 18 U.S.C. § 981(b)(2)(C) (providing that a seizure may be made without a warrant if "there is probable cause to believe that the property is subject to forfeiture" and "the property was lawfully seized by a State or local law enforcement agency and transferred to a Federal agency").