BROWN, C.J.,
dissent.
|,In this case, Ms. Mayfield is the sole tortfeasor and debtor, but she is not the sole creditor. The Louisiana Supreme Court case cited by the majority, Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461 (La.1991), is on point.
In Doughty, the supreme court reversed the First Circuit, which had held, in Doughty v. Insured Lloyds Ins. Co., 568 So.2d 1233 (La.App. 1st Cir.1990), that both parents’ wrongful death and survivor claims arising out of the death of their son were extinguished by confusion. Specifically, the appellate court in Doughty, 563 So.2d at 1233, phrased the issue before it as whether both parents could recover damages arising out of their son’s death against their own liability insurer, where the parents are legally at fault in causing the death. The First Circuit found that, as insureds under the policy, Mr. and Mrs. Doughty were in effect “suing themselves” in the wrongful death and survival actions. In those claims, they sought their own personal damages, for which they were both legally responsible, against their own liability insurer. According to the appellate court, the claims became extinguished by confusion because both parents would be both debtors and creditors on the amounts recoverable. Doughty, 563 So.2d at 1236.
The First Circuit’s decision was reversed by the Louisiana Supreme Court as to Mrs. Doughty only, based upon the court’s finding that she was not a tortféa-sor and she was not precluded from recovering from defendant for her wrongful death and survivor claims. Doughty, 576 So.2d at 465.
In Lewis v. Till, 395 So.2d 737 (La.1981), the supreme court held that the negligence of the wife in causing the death of the couple’s son was not imputed to the husband and would not bar recovery by him in an action brought against their homeowners’ insurer for general damages or in a survival action brought on behalf of the child.
It is disingenuous to state that Ms. Goers can maintain her action against the insurer, State Farm, but not against the, tortfeasor. Further, the order dismissing Ms. Mayfield as plaintiff and defendant dealt exclusively with Ms. Mayfield bringing suit against herself. It was not understood as a dismissal of Ms. Goers’ claims against State Farm and its at-fault insured, Ms. Mayfield.
I would reinstate Ms. Goers’ action against the tortfeasor, Ms. Mayfield, and remand the matter for trial.
BROWN, C.J., dissents with written reasons.